UNITED STATES of America,
Plaintiff–Appellant,

v.

Matthew D. YOUNG, Defendant–
Appellee.

No. 03–50514.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 2, 2004.

Decided Aug. 10, 2004.

159 L.Ed.2d 403 (2004); *United States v. Ameline,* 376 F.3d 967, 970 (9th Cir.2004); and other relevant authority.

Ronald L. Cheng, Esq., Michael J. Raphael, Esq., Los Angeles, CA, for Plaintiff–Appellant.

James H. Locklin, FPD, Los Angeles, CA, for Defendant–Appellee.

Before: CANBY, HANSEN,* and RAWLINSON, Circuit Judges.

## MEMORANDUM **

The United States appeals the sentence imposed on Matthew D. Young ("Young") following his guilty plea to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The government argues that the district court erred by granting a downward departure based on "extraordinary family circumstances" because Young's circumstances were not sufficiently extraordinary to warrant departure. We agree; we vacate the sentence and remand for resentencing.[1]

The district court departed downward four levels on the ground of Young's "extraordinary family circumstances," arising from Young's mother's physical and emotional ills, her need for a caretaker, and Young's historical role as his mother's caregiver. The Sentencing Guidelines state that "[f]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. Although the Guidelines discourage departures based on family circumstances, they do not forbid them. *See United States v. Leon,* 341 F.3d 928, 931 (9th Cir.2003); *United States v. Aguirre,* 214 F.3d 1122, 1127 (9th Cir.2000). This case, therefore, turns on whether Young's family circumstances were sufficiently extraordinary to justify the district court's downward departure. *See Leon,* 341 F.3d at 931.

"Permissible downward departures [based on family circumstances] generally involve situations where the defendant is an *irreplaceable* caretaker of children, elderly, and/or seriously ill family members, and the extent of the departure appropriately serves to protect those family members from the impacts of the defendant's prolonged incarceration." *Id.* (emphasis in original) (citations omitted). The district court concluded that Young's mother required care both for her physical ailments and for her emotional needs, and that Young previously had provided his mother

---

\* The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b). Under the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), we review the district court's findings of fact for clear error, but we review *de novo* the application of the law to the facts. 18 U.S.C. § 3742(e); *United States v. Leon,* 341 F.3d 928, 931 (9th Cir. 2003).

with both the physical and emotional support that she required. The district court also considered the circumstances of Young's sister and two brothers, all three of whom were professionals and lived within an hour's distance from the mother on the island of Oahu. The court noted some obstacles to their provision of care, or hiring of care, for their mother. We accept all of the district court's explicit factual findings as well as the representations of family circumstances set forth in the record,[2] but applying the law to these facts *de novo* under the PROTECT Act, we conclude that a downward departure cannot be justified. Although the facts indicate that it may be difficult for the other members of the family to provide the necessary care, they do not indicate that it cannot be provided in Young's absence. This case simply does not meet the level of "extraordinariness" required for a downward departure because the facts do not support a conclusion that Young's role was that of an *"irreplaceable* caretaker" for his mother.[3] *See id.* at 932 (reviewing decisions reversing downward departures because caretaker was not essential or irreplaceable). We accordingly vacate the sentence and remand for resentencing without the downward departure. *See* 18 U.S.C. § 3742(f)(2)(A).

SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

**2.** Because we accept the description of the mother's condition and the family circumstances put forth by Young, we do not find it necessary to remand for further fact finding as urged by Young in the alternative. *See United States v. Huerta,* 371 F.3d 88, 95 (2d Cir.2004) (remanding for further fact-finding with regard to family circumstances departure).

**3.** At oral argument Young's counsel contended that the district court made an implicit factual finding that Young's services were irreplaceable. If such an implicit ruling was made, and if it was a finding of ultimate fact, it was clearly erroneous in light of the record and the underlying facts found or undisputed.

